1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

9

TY HARTLE,

10

Plaintiff,

No. 3:18-cv-05449

11

v.

**COMPLAINT FOR ERISA BENEFITS**

12

CIGNA dba LIFE INSURANCE COMPANY
OF NORTH AMERICA,

13
14

Defendant.

15
16    Plaintiff Ty Hartle ("Hartle"), through undersigned counsel, brings this action to recover

17    long term disability benefits he is owed under the Employee Retirement Income Security Act of

18    1974, as amended ("ERISA"), 29 U.S.C. § 1001 *et seq*., along with any other appropriate

19    equitable relief.

20    **I.      JURISDICTION AND VENUE**

21    1.      *Subject Matter Jurisdiction*. This Court has subject matter jurisdiction over this

22    action pursuant to 28 U.S.C. § 1331 and ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1).

23    2.      *Personal Jurisdiction*. This Court has personal jurisdiction over Defendant

24    (defined below) because it is a resident of the United States and ERISA provides for nation-wide

25    service of process pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).

26

COMPLAINT - 1
(3:18-cv-05449)

3.      *Venue*. Venue is proper in this District pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because the ERISA violations alleged herein occurred in this District and the Defendant may be found in this District.

## II.      PARTIES

### A.      Plaintiff

4.      Plaintiff Hartle is a resident of Puyallup, Washington.  He is a former truck driver for FedEx Freight, Inc. ("FedEx").

### B.      Defendant

5.      Defendant Life Insurance Company of North America ("Defendant") is a privately held Pennsylvania corporation, headquartered at 1601 Chestnut Street, Philadelphia, Pennsylvania 19192-2235.  Defendant operates as a subsidiary of Connecticut General Corp., does business as Cigna (including conduct in this case), and is part of a global insurance conglomerate currently known as Chubb Limited, a Swiss entity.

6.      Defendant is both a *named* fiduciary under ERISA § 402(a), 29 U.S.C. § 1102(a), and a *functional* fiduciary of the Pension Plan and the Insurance Plan (both defined below) within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A).

## III.      HARTLE'S PENSION BENEFITS

### A.      Pension Plan

7.      One of Hartle's benefits of employment at FedEx was participation in the FedEx Freight, Inc. Pension Plan (the "Pension Plan"), an employee pension benefit plan within the meaning of ERISA § 3(2), 29 U.S.C. § 1002(2).  As a participant in the Pension Plan, Hartle qualified for, and vested in, two types of benefits: a Traditional Pension Benefit ("TPB") and a Portable Pension Account ("PPA").

### B.      Insurance Plan

8.      Another benefit of Hartle's employment at FedEx was coverage under the FedEx Freight, Inc. Insurance Plan (the "Insurance Plan"), sponsored by FedEx, which includes long

COMPLAINT - 1
(3:18-cv-05449)

term disability coverage.  The Insurance Plan, attached hereto as **Exhibit A**, is an employee welfare benefit plan within the meaning of ERISA § 3(1), 29 U.S.C. § 1002(1).  The group insurance policy attendant to the Insurance Plan ("Insurance Policy") is attached to this Complaint as **Exhibit B**.

9.      According to the Insurance Policy, Cigna/Defendant may reduce disability benefits by the amount of "Other Income Benefits." *Id*. at 11.  Other Income Benefits are defined as "any Retirement Plan benefits funded by the Employer," *excluding* "an individual deferred compensation agreement; a profit sharing or *any other retirement or savings plan maintained in addition to a defined benefit or other defined contribution pension plan*, *or any employee savings plan including a* thrift, stock option or stock bonus plan, *individual retirement account* or 401(k) plan." *Id.*  (emphasis added).

10.     Under the Insurance Plan and the Insurance Policy, there is no "assumed receipt of benefits" for "any pension or retirement benefits that are actuarially reduced according to applicable law, *until [participants/the Employee] actually receive[] them*."  Insurance Plan at 125; Insurance Policy at 12.

11.     Under the Insurance Plan, Defendant is, *inter alia*, "the named fiduciary for deciding claims for benefits under the Plan, and for deciding any appeals of denied claims." Insurance Plan at 117.

12.     Under the Insurance Plan, "Long Term Disability benefits are fully insured by [Defendant]."  Insurance Plan at 120.

### IV.      HARTLE BECAME DISABLED

13.     Hartle suffered a debilitating injury, and, in April of 2012, went on a six-month short-term disability leave from FedEx.  After a qualifying period, Hartle applied for and began receiving long term disability benefits under the Insurance Plan in October of 2012.  There is no question that Hartle is disabled as defined in the Insurance Policy.

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

## V.        HARTLE ROLLED OVER HIS PENSION TO AN IRA

14.     In early 2017, the Pension Plan offered Hartle the option of obtaining his TPB and PPA pension benefits as an *annuity* (with several possible annuity options), or as a *lump sum*. Hartle was given a deadline of February 24, 2017 to make an election.  With regard to the latter option, one of the choices given to Hartle, was rolling his pension benefits into an IRA as a lump sum in the amount of his vested retirement benefits, actuarily reduced according to applicable law.  In the event of the lump sum rollover into an IRA, a tax qualified vehicle, it would not be deemed *received* for tax purposes or for any other practical purpose: Mr. Hartle could not touch the money until retirement. Hartle chose that option.

15.     Hartle received a "Confirmation of Pension Choices" on January 24, 2017. **Exhibit C**.  This Confirmation clearly provides that Mr. Hartle selected "Lump Sum TPB" and "Lump Sum PPA," and that both rollovers were to be sent to "Capital Bank and Trust Company," "Account Number: xxxxx6339," "Rollover Type: Traditional IRA."  Hartle mailed in a form confirming this election on February 15, 2017.

16.     All of Hartle's FedEx pension benefits were rolled over into the Capital Bank IRA on May 1, 2017, and have been held in that account ever since.  The transmittal from the Pension Plan explicitly notes that the money was not disbursed to Hartle personally, it was payable to "Capital Bank and Trust Company F/B/O Ty Hartle" as an "exempt withdrawal." **Exhibit D**.

17.     An IRA, such as the Capital Bank IRA, is like any other trust in that the legal title is held by the trustee.  The beneficiary has no legal title, only a beneficial interest.  Here, Hartle has not withdrawn any money from the Capital Bank IRA, has not received legal title to any of those funds, and has not spent a single dime of that money.

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

## VI.    DEFENDANT HAS IMPROPERLY WITHHELD HARTLE'S LONG TERM DISABILITY BENEFITS UNDER THE INSURANCE PLAN

18.    By letter dated May 23, 2017, Cigna/Defendant asserted that Hartle's IRA rollover was a "distribution from your pension" and "a direct offset to your Long Term Disability Benefits." **Exhibit E**.  Cigna/Defendant referred to information it had received from FedEx, but FedEx's records clearly provide that Hartle had not received a distribution.  FedEx directly transferred the money to Capital Bank, and Capital Bank held legal title to those funds.  The funds never even passed through Hartle's hands.  As such, the lump sum rollover does not constitute *receipt* of benefits under the Insurance Plan or the Insurance Policy.

19.    On or about July 21, 2017, Cigna/Defendant again asserted that Hartle had received a "pension award" that diminished his disability benefits.  **Exhibit F**.  Cigna/Defendant referred to language in the Policy's "Recovery of Overpayment" section.

20.    On or about September 5, 2017, through counsel, Hartle followed up with Cigna/Defendant, noting that Hartle had an ERISA claim, and incorporating by reference an earlier letter from Hartle's counsel dated August 11, 2017.  **Exhibit G**.  The August 11, 2017 letter raised several issues and underscored the fact that "Mr. Hartle received a rollover of his vested account balance from the FedEx retirement plan *into an IRA.*"  The August 11, 2017 letter also stated that Hartle intended to file an action against Defendant, among others.

21.    On or about September 15, 2017, Cigna/Defendant responded to Hartle's September 5, 2017 letter, asking for written authorization before they would communicate with Hartle's counsel.  **Exhibit H**.  Hartle provided the requested written authorization on or about September 25, 2017.  **Exhibit I**.

22.    On December 11, 2017, Hartle called Cigna/Defendant to inquire why no further response from Cigna/Defendant was received after Hartle authorized Cigna/Defendant to communicate with his counsel on September 25, 2017.  Hartle was told that he would be called back, but the response to his inquiry never came.  Cigna/Defendant never informed Hartle of any

COMPLAINT - 1
(3:18-cv-05449)

further consideration of his ERISA claim.  Further, Cigna/Defendant never informed Hartle of its implicit decision to deny Hartle's claim that the IRA rollover was improperly set off against his disability benefits.

23.     In violation of ERISA, the Insurance Plan and the Insurance Policy, Cigna/Defendant never informed Hartle of his right to appeal the denial of Hartle's claim that the IRA rollover was improperly set off against his disability benefits, or how any such rights could be exercised.

**FIRST CLAIM FOR RELIEF:**
**Recovery of Benefits, Clarification of Rights Under Terms of the Insurance Plan/Policy and Clarification of Rights to Future Benefits Under the Insurance Plan/Policy**
**ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B)**

24.     Plaintiff Hartle incorporates every preceding paragraph by reference as if fully set forth herein.

25.     ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), provides that a participant or beneficiary may bring an action to "recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."

26.     Hartle is entitled to recover benefits due to him under the terms of the Insurance Plan and Insurance Policy, including all amounts clawed back and withheld by Cigna/Defendant, as well as the ongoing disability benefits, pursuant to ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B).

**SECOND CLAIM FOR RELIEF:**
**Claim to Enjoin Acts and Practices in Violation of the Terms of the Insurance Plan/Policy, to Obtain Other Equitable Relief, and to Enforce the Terms of the Insurance Plan/Policy**
**ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3)**

27.     Plaintiff Hartle incorporates every preceding paragraph by reference as if fully set forth herein.

COMPLAINT - 1
(3:18-cv-05449)

28.     ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), provides that a participant or beneficiary may "enjoin any act or practice which violates any provision of this subchapter or the terms of the plan."

29.     Hartle seeks to enjoin Defendant from continuing to reduce Hartle's disability benefit payments and withhold payments, in violation of the terms of the Insurance Plan and the Insurance Policy.

30.     ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), further provides that a participant or beneficiary may "obtain other appropriate equitable relief" to redress violations of ERISA or enforce any ERISA provisions.

31.     Hartle is entitled to appropriate equitable relief under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), including, without limitation, full disclosure of the wrongful acts and practices complained of herein, an injunction against further violations, accounting, unjust enrichment, disgorgement, restitution, surcharge, and/or any other remedy the Court deems proper, arising out of the Defendant's continued failure to administer the terms of the Insurance Plan, as required by ERISA.

## VII.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff Hartle respectfully requests that the Court:

A.     Enter judgment in favor of Plaintiff Hartle on the claims alleged herein;

B.     Declare that Defendant may not continue to reduce Hartle's disability benefit payments and withhold payments, in violation of the terms of the Insurance Plan and the Insurance Policy;

C.     Enjoin Defendant from any further violations of the terms of the Insurance Plan and the Insurance Policy;

D.     Award Plaintiff Hartle interest on the amounts Cigna/Defendant improperly clawed back and withheld.

COMPLAINT - 1
(3:18-cv-05449)

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

E.    Award Plaintiff Hartle attorneys' fees and costs pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g).

F.    Award Plaintiff Hartle such other relief as may be just and proper.

DATED this 6th day of June, 2018.

KELLER ROHRBACK L.L.P.

By  *s/ T. David Copley*
    T. David Copley, WSBA #19379
    1201 Third Avenue, Suite 3200
    Seattle, WA 98101
    (206) 623-1900
    dcopley@kellerrohrback.com

    *Attorneys for Plaintiff Ty Hartle*

4849-3567-4214, v. 2

COMPLAINT - 1
(3:18-cv-05449)