UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TY HARTLE,<br><br>                Plaintiff,<br><br>    v.<br><br>LIFE INSURANCE COMPANY OF NORTH AMERICA,<br><br>                Defendant. | CASE NO. C18-5449 BHS<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES |

This matter comes before the Court on Plaintiff Ty Hartle's ("Hartle") motion for attorney's fees. Dkt. 12. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion in part and denies it in part for the reasons stated herein.

**I.    PROCEDURAL AND FACTUAL BACKGROUND**

In October 2012, Hartle began receiving monthly long-term disability payments pursuant to an insurance plan he had with his employer FedEx. Dkt. 1, ¶ 13. In early 2017, Hartle rolled his pension benefits into an individual retirement account. *Id.*, ¶¶ 14–16. As a result of this financial transaction, Defendant Life Insurance Company of North

America ("LINA"), the entity that services Hartle's insurance benefits, informed Hartle that the distribution from his pension was an offset to his insurance benefits and that his insurance benefits would be reduced accordingly. *Id.*, ¶ 19. Hartle discussed the issue with two lawyers, and on August 11, 2017, attorney Tony Panagiotu sent LINA a letter requesting a restoration of Hartle's insurance benefits. *Id.*, ¶ 20. LINA evidently responded with a lump sum offer for the remainder of Hartle's benefits. *Id.* On September 5, 2017, Mr. Panagiotu rejected the offer and threatened a lawsuit if the benefits were not fully restored by September 15, 2017. Dkt. 3-7 at 2.

After LINA refused to remedy the situation, Hartle was eventually referred to his current attorney David Copley. Dkt. 13, ¶ 6. Although Mr. Copley usually litigates large class actions, he agreed to review Hartle's case. *Id.*, ¶ 7. On June 6, 2018, Copley filed an eight-page complaint against LINA. Dkt. 1. On September 5, 2018, the parties submitted a joint status report informing the Court that the matter had been settled. Dkt. 12.

On October 5, 2018, Hartle filed the instant motion for attorney's fees requesting $58,198.00 in fees, $551.69 in costs, and $408.94 in prejudgment interest. Dkt. 12. On October 22, 2018, LINA responded opposing the amount of fees as excessive, conceding the costs, and failing to address the post judgment interest. Dkt. 14. On October 26, 2018, Hartle replied. Dkt. 16.

## II. DISCUSSION

The Employer Retirement Income Security Act ("ERISA") provides that "the court in its discretion may allow a reasonable attorney's fee and costs of action to either

party." 29 U.S.C. § 1132(g)(1).  "[A] fees claimant must show 'some degree of success on the merits' before a court may award attorney's fees under § 1132(g)(1)." *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 255 (2010) (quoting *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 694 (1983)).  Once the claimant establishes this threshold requirement, the Court must determine whether the five factors from *Hummell v. S.E. Rykoff & Co.*, 634 F.2d 446 (9th Cir. 1980), weigh in favor of awarding the claimant's attorney's fees.  *Simonia v. Glendale Nissan/Infiniti Dis. Plan*, 608 F.3d 1118, 1119, 1121 (9th Cir. 2010) ("[A]fter determining a litigant has achieved some degree of success on the merits [under *Hardt*], district courts must still consider the *Hummell* factors before exercising their discretion to award fees under § 1132(g)(1).").  The *Hummell* factors are as follows:

> (1) The degree of the opposing party's culpability or bad faith;
> (2) The ability of the opposing party to satisfy an award of fees;
> (3) Whether an award of fees against the opposing party would deter others from acting under similar circumstances;
> (4) Whether the party requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and
> (5) The relative merits of the parties' positions.

*Hummell*, 634 F.2d at 453.

In this case, the Court finds that Hartle has met his burden to establish that an award of fees is warranted.  He achieved complete success in obtaining a settlement and restoration of his benefits and an award of past due amounts.  LINA was culpable in the sense that it reduced Hartle's benefits with no investigation and despite letters from Hartle threatening a lawsuit.  LINA appears to be able to pay any award of fees.  An

award of fees would most likely deter insurance servicers from acting without an investigation and despite communications from the claimant. The fourth *Hummell* factor is irrelevant to this simple matter. Finally, LINA conceded that Hartle was due his requested relief. Therefore, the Court grants Hartle's motion as to an award of fees.

The Court, however, finds that Hartle's request for $58,198 is excessive and unwarranted. The two main problems with this request is the number of hours expended on the complaint and the requested rates of compensation. There is no doubt that Mr. Copley is an experienced and highly competent ERISA litigator. As such, the Court finds that he should be able to quickly and efficiently draft a complaint or, at the very least, delegate the duty to an associate with limited oversight for editing. Thus, the Court reduces the hours spent on the complaint to 8 instead of the requested 34.8.

Regarding the rates of compensation, "billing rates should be established by reference to the fees that private attorneys of an ability and reputation comparable to that of prevailing counsel charge their paying clients for legal work of similar complexity." *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 946 (9th Cir. 2007) (internal quotation omitted). Under this binding precedent, the Court finds that typical rates for complicated class action matters far exceed the prevailing rate for simple ERISA matters. The Court also finds that Mr. Copley should be commended for helping Hartle and will resolve the dispute over rates in the light most favorable to Mr. Copley. Based on the authorities provided by LINA, Dkt. 14 at 8–9, and accounting for some inflation, the Court finds that $500 per hour is a reasonable rate considering the facts of this matter. In no way does the Court find that this is the prevailing rate in this community for this work. Instead, the

Court is resolving a dispute based on the facts presented wherein an experienced class action attorney agreed to represent a claimant with a simple reduction of benefits issue. Therefore, the Court grants in part and denies in part Hartle's request for reasonable attorney's fees. Based on the Court's calculation, the Court awards fees for 40.8[1] hours of work at a rate of $500 per hour for a total of $20,400.

Regarding paralegal work, LINA fails to establish that Hartle's request are unreasonable. Therefore, the Court awards $2,525 for 10.1 hours of work at $250 per hour.

Regarding costs and prejudgment interest, the Court grants Hartle's motion on these issues.

## III. ORDER

Therefore, it is hereby **ORDERED** that Hartle's motion for attorney's fees, Dkt. 12, is **GRANTED in part** and **DENIED in part** as stated herein.

The Clerk shall enter a JUDGMENT and close the case.

Dated this 14th day of January, 2019.

BENJAMIN H. SETTLE
United States District Judge

---

[1] 67.1 total hours requested, Dkt. 13-1 at 30, minus 15.5 and 19.3 hours on the complaint, Dkt. 14 at 7, plus 8 hours awarded for the complaint.